People of the State of Illinois, Plaintiff-Appellee, v. Adolph Johnson, Defendant-Appellant.

Gen. No. 50,749.

First District, Second Division.

December 28, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty and Frederick F. Cohn, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Morton E. Friedman, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from the conviction of the appellant, Adolph Johnson, in the Circuit Court of Cook County, for the crime of unlawful possession of narcotics. Following a bench trial, appellant was found guilty and was sentenced to the penitentiary for a term of not less than two nor more than three years. Appellant contends on this appeal that he was convicted on evidence obtained from him in violation of state and federal constitutional guarantees against unreasonable search and seizure.

Succinctly stated, the activity which the appellant claims violated his constitutionally protected rights was his arrest and treatment at the hands of the arresting officers, Charles Loving and Ernest Jones. On May 2, 1964, the officers saw the appellant standing in front of the DuSable Hotel at 764 East Oakwood, Chicago, Illinois. The officers saw the appellant put something into his mouth. The officers then told the appellant that he was under arrest. Officer Loving grabbed appellant by the throat to prevent him from swallowing the item he had placed there. Officer Loving was assisted by his partner who also was holding the appellant by the neck. As a result of the throttling by the two officers, the appellant coughed up a package which turned out to be heroin. Appellant failed to raise any objection at the trial or to make a motion to suppress the evidence. For that reason, no evidence was presented by the People on the issue of the circumstances surrounding the arrest.

Appellant contends that the activity described above is controlled by Rochin v. California, 342 US 165, 72 S Ct 205. In that case there was a concerted course of action which shocked the conscience of the court, including an illegal search and seizure of the defendant's room and jumping on him and choking him and finally the

forcing of an emetic down his throat to make him cough up the contraband he had swallowed. Timely objection was made at the trial to the manner in which the evidence was obtained.

The activity of the police in this case falls short of the shocking activity of the police in the Rochin case. It is more like that of federal authorities in Espinoza v. United States, 278 F2d 802, where the officers obtained evidence from the defendant's mouth by grabbing him about the throat and choking him and by prying open his mouth. The United States Court of Appeals, Fifth Circuit, held that the efforts of the federal officers in preventing the defendant from swallowing the narcotics involved no more force than was reasonably necessary under the circumstances.

No motion to suppress was made at the trial of the appellant. Provisions for making a motion to suppress in this state are very clear: chap 38, § 114–12(2)(b) Ill Rev Stats 1965, "The motion shall be in writing and state facts showing wherein the search and seizure were unlawful. . . . (c) The motion shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion." It is true that in appropriate cases that ". . . Plain errors or defects affecting substanial rights may be noticed although they were not brought to the attention of the trial court." Chap 38, § 121–9, Ill Rev Stats, 1965.

We do not feel this is an appropriate case to consider the alleged illegality of the search by the police officers in the absence of a motion to suppress by appellant's counsel. There was no such clear-cut invasion of the appellant's rights which would permit us to consider the matter of the obtaining of the evidence in the absence of a motion to suppress. Under the circumstances of this case the action of the police was reasonable.

For the above reasons the judgment of the trial court is affirmed.

Judgment affirmed.

LYONS and BURKE, JJ., concur.