(No. 40467.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ADOLPH JOHNSON, Appellant.

*Opinion filed November 30, 1967.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago, (FREDERICK F. COHN and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and CARL M. WALSH, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In 1965, defendant, Adolph Johnson, was convicted in the circuit court of Cook County for the crime of unlawful possession of narcotics. (Ill. Rev. Stat. 1963, chap. 38, par. 22—3.) His conviction was affirmed by the Appellate Court, First District, (78 Ill. App. 2d 398), and we granted leave to appeal.

The facts relevant to the disposition of defendant's cause are as follows: At about 2:00 A.M. on May 2, 1964, two Chicago police officers observed defendant, whom they knew to be a drug addict, standing in front of the DuSable Hotel. The officers testified that as they approached the defendant, he, upon seeing them, cupped his right hand to his mouth. They informed defendant he was under arrest and prevented him from swallowing whatever item he had placed in his mouth by choking him and applying pressure to his abdomen. This resulted in defendant spitting out a small tinfoil package thereafter determined to contain heroin.

Defendant was indicted and arraigned, and, being without counsel, the public defender was appointed to represent him. After many delays caused by defendant, he was tried by the court without intervention of a jury on February 3, 1965. No motion to suppress the seized heroin was ever made, either prior to, during trial, or by way of post-trial

motion and, consequently, no hearing was ever had on the legality of defendant's arrrest and resultant search. However, during cross-examination of one of the arresting officers, defense counsel attempted to inquire into the circumstances of the arrest, specifically, by asking whether the officer acted pursuant to an arrest warrant. The prosecutor objected on the basis that it was "immaterial, irrelevant and this had already been gone into." The court sustained this objection remarking that "You have already had a hearing on that." Defense counsel then closed this line of inquiry and, when the packet of heroin was offered into evidence, stated that he had no objection to its admission.

Other than the foregoing, the record is silent regarding the circumstances relevant to the legality of defendant's arrest since, absent a motion to suppress, the State had no need to, and did not, in fact, introduce any further evidence on this issue. Defendant did testify disclaiming possession of the heroin and declaring that the officers had planted it on the ground next to him. The defendant was found guilty and sentenced to the penitentiary for a term of two to three years.

In the appellate court; defendant argued that the heroin packet was inadmissible as evidence because it was obtained by means of an unconstitutional search and seizure. More specifically, he contended that the police had no probable cause, either to arrest or search him, and that they used excessive force to obtain the evidence that sustained his conviction. The appellate court, citing section 114—12 of the Code of Criminal Procedure (Ill. Rev. Stat. 1965, chap. 38, par. 114—12) governing the procedure for excluding illegally seized evidence, stated: "We do not feel this is an appropriate case to consider the alleged illegality of the search by the police officers in the absence of a motion to suppress by appellant's counsel. * * * Under the circumstances * * * the action of the police was reasonable."

On appeal to this court, defendant charges that "The

trial court and the prosecutor * * * prevented defense counsel from proceeding to attack the unconstitutionality of the search", and that this, therefore, vitiates the appellate court's finding of waiver. He further charges, relying upon *Henry* v. *Mississippi,* 379 U.S. 443, 13 L. ed 2d 408, 85 S. Ct. 564, that "Although the statute [section 114—12] requires that motions to suppress evidence be filed prior to trial, the failure of a court appointed counsel to follow the state rules of procedure * * * cannot waive an indigent defendant's 4th amendment's [*sic*] constitutional rights."

Section 114—12 provides in pertinent part that "(b) The motion [to suppress] shall be in writing and state facts showing wherein the search and seizure were unlawful * * * (c) The motion shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion."

The requirement set forth in subsection (c) has been the law in Illinois since the adoption of the exclusionary rule (*People* v. *Brocamp,* 307 Ill. 448), and it springs from the policy that a court should not be required to "stop the orderly progress of the trial even to investigate the question whether the method of obtaining possession of the offered evidence was in violation of the constitutional rights of the person against whom it is offered." (*People* v. *Winn,* 324 Ill. 428, 441.) As a correlative of the judicial requirement codified in section 114—12(c), it is well settled that under most circumstances reviewing courts will not consider the question of illegal search and seizure, even though pursuant to an illegal arrest, where it has not been raised before the trial court. (*People* v. *Green,* 36 Ill.2d 349; *People* v. *Harris,* 33 Ill.2d 389.) Furthermore, there is no constitutional prohibition against such practice, as the Supreme Court has held that we need not forego our procedural rules for preserving constitutional claims for review when such rules serve a legitimate State interest. (*Henry,* 379 U.S. at 452, 13 L. ed 2d at 415, 85 S.Ct. at 570.) In other words, con-

trary to defendant's interpretation of *Henry,* under that decision it is apparent that the failure of appointed counsel to comply with a State procedural rule, such as section 114—12, can constitute a binding waiver of his client's constitutional rights both under the Federal and State constitutions. See *People* v. *Williams,* 36 Ill.2d 194, and cases cited therein.

But, although we consider the waiver principle to be a salutary one, we have not hesitated to relax it when fundamental fairness requires it. (*People* v. *Hamby,* 32 Ill.2d 291.) In our opinion, under the circumstances of the present case, the defendant cannot be held to have knowingly waived his constitutional right against illegal search and seizure. The record indicates that he was represented by different assistant public defenders at various stages of the proceedings against him which mitigates, in part, against a strict application of the statutory requirement that the motion to suppress be filed prior to trial. (See *People* v. *Zazzetta,* 27 Ill.2d 302, 310.) But more importantly, here, when defense counsel sought for the first time to explore the circumstances surrounding defendant's arrest, the trial court, supported by the prosecutor's erroneous statement, foreclosed this area of inquiry, informing him that a hearing had already been held on the subject. In the face of this statement, strongly implying that a previous defense motion to suppress the fruits of the search had been filed and denied, it would seemingly have been useless for counsel to pursue this line of inquiry or object, either by filing a motion to suppress or making some other specific objection, to the admission of the heroin packet. Because of this statement, and its relation in the chronology of the trial to the introduction of the heroin into evidence, we find no merit in the State's contention that defense counsel's specific disclaimer of objection to the introduction of the heroin precludes review of its admissibility here.

Nor do we find merit in the State's claim that defense

counsel's failure to make a motion to suppress was a matter of "trial strategy" thereby constituting an effective waiver of his client's rights. (See *Henry*, 379 U.S. at 451-52, 13 L. Ed. 2d at 415, 85 S. Ct. 570.) This claim is evidently premised on the notion that defendant's better defense lay in disclaiming possession of the heroin and that any motion to suppress would be inconsistent with, and detract from, this primary defense.

It was clear as early as 1960, under the landmark decision in *Jones* v. *United States*, 362 U.S. 257, 4 L. Ed. 2d 697, 80 S.Ct. 725, that, as regards criminal prosecutions for unlawful possession of the property seized, an accused could challenge the constitutionality of a search and seizure by means of a motion to suppress without alleging any proprietary interest in the seized property. (*Cf. People* v. *De Filippis*, 34 Ill.2d 129.) As an abstract proposition, therefore, there is no legal inconsistency in moving to suppress seized property prior to trial and subsequently at trial disclaiming all interest therein. Moreover, here, as a practical matter, we see no potential advantage in refraining from making a motion to suppress, since we cannot conceive what additional damaging evidence the State could obtain at the hearing thereon which would not have been admissible at trial otherwise.

We conclude, accordingly, that regardless of the actual reason defense counsel failed to object to the admission of the heroin—whether through inadvertence or the actions of the trial court, or both—this failure cannot properly be deemed a trial stratagem causing a binding waiver of defendant's rights.

For these reasons, we hold that the question of the legality of the search and seizure, or more narrowly stated, the admissibility of the heroin packet, is properly before us for consideration. However, this issue cannot be resolved from the present state of the record and, therefore, we remand the cause to the trial court solely for a full evidentiary

hearing on this question in light of defendant's contentions here.

If, at the hearing, it be determined that the search and seizure were illegal, making the heroin packet inadmissible, the trial court will vacate the judgment of conviction and order that defendant be discharged, since without the admission of the seized heroin there is no ground to obtain a conviction on the offense charged. If, on the other hand, the trial court finds that the search and seizure were legal, making the heroin admissible, the trial court will enter a new judgment of conviction. See *People* v. *McGuire,* 35 Ill.2d 219, 234.

*Cause remanded, with directions.*

Mr. Justice Ward took no part in the consideration or decision of this case.