2 Ill. App.3d 236 (1971)
276 N.E.2d 477
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
TEELEY J. JONES, Defendant-Appellant.
No. 54858.
Illinois Appellate Court  First District.
November 5, 1971.
*237 Gerald W. Getty, Public Defender, of Chicago, (Judith S. Smith, Shelvin Singer, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.
Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, James Sternik, Assistant State's Attorneys, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE DRUCKER delivered the opinion of the court:
Defendant, Teeley J. Jones, was convicted of the crime of robbery after a jury trial and he was sentenced to a term of eight to fifteen years. This is an appeal of that conviction and sentence.
On appeal defendant contends that the trial court erred in denying an intra-trial motion to suppress defendant's confession, in allowing the complaining witness to give extensive testimony about the nature of his injuries, and in imposing an excessive sentence.
On November 15, 1968, at 1:15 P.M. Judge Walter J. Kowalski was robbed by a group of youths outside 1160 North Sedgwick. One of the assailants struck the Judge's head against the sidewalk. The other attackers stole money and jewelry from his pockets. The Judge could not identify the defendant as one of his attackers.
At trial Detective Blasch testified that on November 18, 1968, he arrested the defendant at his parents' apartment without a warrant. Blasch informed the defendant of his rights under Miranda v. Arizona, 348 U.S. 436, and after interrogation the defendant gave an oral statement implicating himself in the robbery. His statement was then typed by Officer Mucia and signed by the defendant.
Bernard Watkins and Sherwin Smith, residents of 1160 North Sedgwick, identified the defendant as one of the attackers of Judge Kowalski. They also stated they had seen the defendant in the neighborhood on previous occasions.
The defendant testified that he was twenty years old and was self-employed *238 selling hosiery, jewelry and records. He denied taking part in the robbery and claimed that he signed two blank pieces of paper and not the confession which was read to the jury. He stated that he could not remember if he was informed of his rights.
On appeal defendant first contends that it was prejudicial error for the trial court to deny hearings on his intra-trial motion to suppress his confession. Prior to trial defendant filed a written motion to suppress the confession based on police failure to warn the defendant of his constitutional rights. That motion was denied and no error is claimed on appeal as to this ruling.
 1 During trial and following Detective Blasch's direct testimony for the State, his grand jury testimony and police reports were tendered to defense counsel. After reading them defense counsel orally moved to suppress the defendant's confession stating:
"I have information now, Judge, that I know that my man was not arrested pursuant to any arrest warrant. I know he was not arrested pursuant to any search warrant. I know from his own conversation he was not violating any State or municipal ordinance."
It is evident from the testimony adduced at the pre-trial hearing that the defendant had been arrested without a warrant or search warrant. No written motion to suppress based on an illegal arrest was ever filed. Defense counsel had a list of witnesses for eight months prior to trial providing ample opportunity to question all the State's witnesses including Watkins. Defense counsel stated:
"My assumption is that they based the arrest on the information given by Sherman [sic] Smith or Bernard Watkins. But they gave me another name of a person that I went out to examine. I can't get around into that area. I don't have investigating * * *."
Counsel's incorrect assumption does not negate the fact that he knew before trial there was no arrest warrant. Nor is there anything in the above to indicate that an arrest without warrant was improper in the circumstances of this case. The trial court properly found the motion to suppress untimely.
Later in the trial the State offered the defendant's confession into evidence. The court stated, "I assume you object to this." Defense counsel replied, "I make no objection." After part of the confession was read defendant objected and moved that the confession be suppressed urging the same grounds relied on in the previous motion.
 2 The trial court properly denied defendant's motion since, among other reasons, it was untimely. In addition defendant specifically waived any objection prior to the reading of the confession.
*239 Defendant's second contention is that the trial court committed prejudicial error in overruling defendant's objection to the prosecution's inquiring into the victim's injuries.
Judge Kowalski gave the following testimony:
"I received hospital care for fractured skull. [I remained] [i]n the hospital itself, for a whole week. I am still under doctor's care for residual lost [sic] of taste, smell, partial paralysis of my right cheek, and a loss of hearing of my right ear."
The defendant relies heavily on People v. Nickolopoulos, 25 Ill.2d 451, which involved an assault with a deadly weapon with intent to commit murder. The court found that it was prejudicial error to allow the victim to testify that he was paralyzed and had seven holes in his intestines, stating at page 454:
"The specific intent required by the charge is found, not from the nature or seriousness of the injury inflicted, but from the proof of the reckless character and manner of the assault, the instrument made use of by the assailant, * * *. A gun is a deadly weapon per se * * *."
 3 In the case at bar the force was not by an instrument, such as a gun, but by a vicious beating. The record discloses that the complaining witness was only able to testify as to the use of force by stating the results of the attack since at the onset of the attack one of the attackers struck his head on the sidewalk and he was in a semi-conscious condition with no ability to open his eyes for the duration of the robbery.
In addition, in the case of People v. Hopkins, 29 Ill.2d 260, decided a year after Nickolopoulos, supra, the court stated at page 266:
"The defendant contends that the defendant was prejudiced by the testimony of the complaining witness that the cut on her hand required 18 stitches. Proof of force is essential to establish the crime of robbery and in our opinion the testimony as to the extent of the injuries which the victim sustained in her struggle with the defendant was properly admitted and was not prejudicial to the defendant."
Therefore, we find in the instant case that the testimony of the complaining witness as to his injuries was not prejudicial.
Defendant's third contention is that defendant's sentence was excessive in view of his age (twenty) and past record (one conviction for shoplifting) and because the length of his sentence was apparently based in part on the judge's conclusion that defendant committed perjury. In sentencing defendant the trial court stated:
"There seems to be no mitigating circumstances that I can find and this defendant not satisfied with the crime that he had committed takes the stand here; not only denies this robbery but he denies that *240 he signed a statement for the police. The police statement that he signed at the bottom of the first page and the middle of the second page, he said he signed that in blank the police station. It's an incredible story and an indication to my mind of a criminal bent in this young man.
When you decide it is necessary to compound a strong armed robbery by perjury, by getting on the stand and telling a fantastic and unbelievable story to the jury and to the Court you don't seem to me like a man that is worthy of any consideration. There is nothing unusual about this defendant except he is a man who is prone to strong armed robbery. He is prone to perjury."
I can find no circumstances that would justify this Court in not imposing a severe sentence.
 4 Our Supreme Court in People v. Taylor, 33 Ill.2d 417, 424, discussed the power of reviewing courts to reduce sentences where circumstances warrant and set forth the following guideline:
"Such authority should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals."
 5 The purposes sought to be achieved by the imposition of sentence are the security of the community, punishment for the offense committed, the deterrent effect against other similar crimes, and the rehabilitation of the defendant.
 6 In the instant case the trial judge imposed the sentence from the vantage point of his superior opportunity to determine the rehabilitation potential of defendant based on the viciousness of his crime and the conduct of defendant in court. When a defendant elects to justify his conduct, he must be judged by the improbability of his own evidence. (People v. Mastin, 110 Ill. App.2d 400.) We find no circumstances to warrant a reduction.
The judgment is affirmed.
Judgment affirmed.
ENGLISH, P.J., and LORENZ, J., concur.