The People of the State of Illinois, Plaintiff-Appellee, *v.* James Steadman, a/k/a Linda Steadman, Defendant-Appellant.

(No. 71-94;

Second District—March 1, 1972.

Geister, Schnell, Richards & Brown of Elgin, (Donald J. Weaver, of counsel,) for appellant.

Wm. R. Ketcham, State's Attorney, of Elgin, (W. Ben Morgan and Leo Wotan, Jr., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The defendant, James Steadman, also known as Linda Steadman, was indicted with a co-defendant, Carol Nowicki, by the Grand Jury of Kane County for the offense of theft in violation of Section 16—1 of the Criminal Code (Ill. Rev. Stat., 1969, ch. 38, par. 16—1). Count I of the indictment charged that the defendants did, on November 23, 1970, exert unauthorized control over two figurines valued in excess of $150.00 in the possession of the Little Traveler Shop in Geneva, Illinois. Count II charged them with the possession of the same items, knowing them to be stolen property.

On February 3, 1971, both defendants pled guilty to the first count of the indictment and made application for probation. The second count was dismissed. On March 26, the Probation Department filed their reports and recommended that both applications be denied. On April 3, the Court denied probation for Steadman and sentenced him to a term of from two to five years in the penitentiary. Carol Nowicki was subsequently granted probation for three years. Steadman prosecutes this appeal on the ground that the sentence imposed was excessive in view of the circumstances of the crime and his personal background.

The record shows that the defendant, then aged 27 years, and Mrs. Nowicki, then 32, were stopped by the police in Geneva on November 23 and consented to a search of their car. The car contained numerous items of clothing and other personal property that had apparently been stolen that day in the shopping area of Geneva.

The pre-sentence investigation report of Carol Nowicki indicates that she was married and resided in Oaklawn with her husband and 11 year old son. She had previously been convicted on two occasions for petty theft in 1963 and 1967 in Chicago and given probation for one year and fined $25.00. Steadman lived in Chicago, and, although unemployed at the time of his arrest, had a job on the date sentence was imposed. His prior record showed several arrests but apparently only one conviction, for petty theft, in 1967.

At the time of his arrest, and apparently on each Court appearance, Steadman was attired in the clothing of a woman. He asked to be called Linda Steadman and indicated that he sought, but could not afford, surgery to change his sex. As a result of his problem, Steadman was unable to keep steady employment. The pre-sentence investigation of Steadman included a psychiatric evaluation by Dr. Walter Wigert of the Mercyville Institute of Mental Health. It was Dr. Wigert's opinion, after several interviews and psychological testing, that Steadman was a transvestite and trans-sexual who, for most of his life, thought of himself and acted as a woman. The report stated that in some cases of trans-

sexualison, such as Steadman's, sex change surgery was "successful". Dr. Wigert recommended probation with some counselling or psychotherapy to help Steadman earn sufficient funds to obtain surgery. Dr. Wigert also stated that he could "\* \* \* see possible harm in sending Linda to jail. She would have great difficulty adjusting to the masculine environment and probably would benefit little from correctional programs."

■■ The penalty imposed by the Trial Court was within the limits prescribed by the legislature for the crime of theft where the property taken is worth more than $150.00. Generally, in such cases a court of review will not disturb the sentence unless it constitutes a departure from the fundamental law and its spirit and purpose or is not proportioned to the nature of the offense. *People v. Miller*, 33 Ill.2d 439, 444; *People v. Taylor*, 33 Ill.2d 417, 424.

Section 1—2(c) of the Criminal Code (Ill. Rev. Stat., 1969, ch. 38, par. 1—2(c) ) provides, in part, as follows:

"The provisions of this code shall be construed in accordance with the general purposes hereof to: (c) Prescribe penalties which are proportionate to the seriousness of offenses and which permit recognition of differences in rehabilitation possibilities among individual offenders."

■■ We previously considered this matter in the case of *People v. Buell*, 120 Ill.App.2d 367, 256 N.E.2d 845, where we stated at page 371:

"In imposing a sentence, the Trial Court has an obligation to the public as well as to the person found guilty of a crime. In addition, the sentence is significant to the institutional officials in their program of rehabilitation in connection with the incarceration of the convicted person. Thus, in sentencing, the Court must consider the punishment warranted under the circumstances of the particular case, the protection of the public, and the potential for rehabilitation of the party being sentenced. The circumstances of the case include the nature of the offense, the attending circumstances, the character and propensities of the offender, his family, work record, past delinquencies, his potential for rehabilitation, and all other potential matters."

■■ Our consideration of all the circumstances in the present case compels us to conclude that the sentence imposed was excessive. Although we realize that the responsibility for passing sentence must be exercised at all times by judges and not psychiatrists, we cannot but agree with the opinion of Dr. Wigert that the incarceration of the defendant would, in view of his condition, be of no help in his rehabilitation.

The prior record of Carol Nowicki is not significantly different from

that of the defendant. The only apparent basis for the disparity in the sentences imposed is the fact that Mrs. Nowicki was a wife and mother and the defendant was a trans-sexual. We feel that in view of the nature of the offense and other circumstances attending this matter, that justice requires that the sentence be reduced to probation.

Accordingly, under the power given us by virtue of Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1969, ch, 110A, par. 615(b)(4)) we hereby reduce the punishment imposed by the Trial Court from a term in the penitentiary from two to five years to probation for three years.

Sentence modified and judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.