THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARCELLO VELEZ, Defendant-Appellant.

(No. 71-216;

Second District—July 14, 1972.

T. MORAN, J., specially concurring.

Ralph Ruebner, of Defender Project, of Elgin, (Kenneth L. Gillis, of counsel,) for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The defendant, Marcello Velez, was convicted, after a bench trial on October 9, 1970, of the offense of illegal possession of dangerous drugs in violation of section 802—7 (c) of the Drug Abuse Control Act (since repealed). (Ill. Rev. Stat. 1969, ch. 111½, sec. 802—7(c).) Velez made an oral motion for probation and a hearing was held on his motion on October 16. At the conclusion of the hearing, the trial court denied the motion and sentenced the defendant to a term of six months at the State farm at Vandalia. On appeal, the defendant contends that the court was in error when it refused to admit him to probation and asks that we reduce his sentence to probation pursuant to our powers under Supreme Court Rule 615 (b) (4). Ill. Rev. Stat. 1971, ch. 110A, sec. 615 (b) (4).

The State maintains that this court does not have the authority to grant probation under the rule and argues that probation is a highly personalized procedure that cannot be effectively utilized by a court of review. The Rule itself states that the reviewing court may "* * * reduce the punishment imposed by the trial court; * * *." In the case of *People v. Harpole*, 97 Ill.App.2d 28, 239 N.E.2d 471, the Appellate Court,

Fifth District, rejected a similar contention but reduced a sentence to a minimum of one year since the defendant had already served sufficient time to be eligible for parole. We recently reduced a sentence of two to five years in the penitentiary for theft to probation for three years where the circumstances showed that the original sentence was excessive. *People v. Steadman*, 3 Ill.App.3d 1047, 280 N.E.2d 17, 19.

The Code of Criminal Procedure provides that a person found guilty of an offense (with the exception of certain specific crimes) may be admitted to probation when it appears that he is not likely to commit another offense, and neither the public interest or his rehabilitation requires that he receive the penalty provided by law. Ill. Rev. Stat. 1971, ch. 38, sec. 117—1 (a) (1) (2) and (3).

 A defendant has no inherent or constitutional right to probation and its application is left to the sound discretion of the trial court. (*People v. Burdick*, 117 Ill.App.2d. 314, 254 N.E.2d. 148, 152; *People v. Knox*, 116 Ill.App.2d. 427, 252 N.E.2d. 549, 555.) Certainly, the trial court is in the best position to determine if probation should be granted or denied in a particular case since he is able to personally observe the defendant and consider the likelihood of his effective rehabilitation under probationary supervision.

At his probation hearing, the defendant testified that he purchased 700 Desbutal and Desoxyn pills from an unknown man in Waukegan in July, 1970. Although Velez was unemployed at the time, he paid $70 for the pills that he used to cure his "depression" caused by financial and personal problems. It was disclosed that on July 24 the police were conducting a search of a house in Waukegan during a narcotics investigation. Velez drove up to the house in an automobile that had neither license plates or a city sticker. When the police sought to question him in that regard, he sped off and was only apprehended after his car skidded into a ditch. The police observed the bottles of pills on the front seat of his car and arrested him for illegal possession as well as reckless driving and attempting to elude. Velez testified that he was not aware that his possession of the pills was illegal but that he had attempted to elude the police because he had no plates on the car and did not have his driver's license with him.

Velez was honorably discharged from the service in June, 1968 and was hired by Abbott Laboratories as a warehouseman. In August, 1969, Velez quit Abbott and thereafter held a number of jobs for short periods of time. He was unemployed from April, 1970 to the time of his arrest. At the time of his trial, Velez lived with his parents in Chicago and was still unemployed since he was then recovering from a knife wound suffered in August. His wife was committed to a mental hospital in New

York and his 15 month old daughter lived with him and his parents. He had no previous criminal record. The pills in his possession had been manufactured at Abbott Laboratories during 1970.

■■ We do not feel that, under the circumstances, the refusal of the trial court to admit the defendant to probation was an abuse of judicial discretion. We must agree that the testimony of the defendant at the probation hearing raised serious doubt as to his candor and indicated a regrettable lack of penitence for his crime. Although he had no previous criminal record, he was not, therefore, automatically entitled to probation. The court took note of that fact and his unblemished service record but, nonetheless, felt that probation was not merited.

■■ The sentence imposed was within the provisions of the Drug Abuse Control Act and was not, in our opinion, excessive. We therefore conclude that the judgment of the trial court and the sentence imposed was proper and should be affirmed.

Judgment affirmed.

GUILD, J., concurs.

Mr. JUSTICE THOMAS J. MORAN specially concurring:

While I concur in the result of the majority opinion, I disagree with that portion which implies that this court has the right to order probation. (See, *People v. Brown* (1967), 83 Ill.App.2d 411, 420.) This question has not been passed upon by our Supreme Court; however, see, *People v. Kurtz* (1967), 37 Ill.2d 103, 111.

Quoting from Rule 615(b)(4), the majority establishes that the reviewing court may "＊ ＊ ＊ reduce the punishment imposed by the trial court ＊ ＊ ＊." continuing, the opinion by inference, interprets the word "punishment" to include "probation." I cannot agree. "Punishment" is the actual penalty imposed; "probation" is the suspension of punishment. While penalty and punishment are synonymous (*Featherstone v. People* (1902), 194 Ill. 325, 334) punishment and probation are not.

Common usage has erroneously fostered the phrase, "sentenced to probation." After a judgment of guilt, a sentence is the pronouncement of punishment. Since, by its definition, probation is the suspension of punishment, it follows that one cannot be sentenced to probation. "A sentence ＊ ＊ ＊ cannot be synonymous with the grant of probation entitling a convicted defendant to escape a punishment ＊ ＊ ＊." (*The People v. Bardens* (1946), 394 Ill. 511, 517. See also, *People v. Nicholson* (1948), 401 Ill. 546, 551.) Properly, one is "allowed probation" or "admitted to probation." See, Probation Act, Ill. Rev. Stat. 1969, ch. 38, sec. 117—1 *et seq.*

While Rule 615(b)(4) empowers this court to *reduce the punishment*, we are not empowered to *void* the punishment after a judgment of guilt. To order probation on appeal would suspend and therefore effectively void any punishment imposed.

Allowing a defendant probation is a matter which remains solely within the discretion of the trial court. This discretion "is not even reviewable," unless the defendant shows affirmatively that the action of the trial court was purely arbitrary. *People v. Molz* (1953), 415 Ill. 183, 189-191; *People v. Carpenter* (1953), 1 Ill.2d 347, 349-350; *People v. Pelikan* (1955), 6 Ill.2d 275, 277; *People v. Hamby* (1955), 6 Ill.2d 559, 563, 567 (overruling *People v. Donovan*, 376 Ill. 602); and *People v. Saiken* (1971), 49 Ill.2d 504, 514-515.