(No. 44861.–▮▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. TEELEY JONES, Appellant.

*Opinion filed September 20, 1972.*

GERALD W. GETTY, Public Defender of Chicago (JUDITH SMITH LELAND and JAMES J. DOHERTY, Assistant Public Defenders, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and MARK T. ZUBOR, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

On September 3, 1969, the defendant, Teeley Jones, who was then 20 years of age, was convicted of robbery. His conviction was affirmed by the Appellate Court, First District. (2 Ill.App.3d 236.) His sole argument in this court, on leave granted to appeal, is that his sentence of 8 to 15 years "was excessive, deprived him of due process of law, and should be reduced."

In the early afternoon on November 15, 1968, one of the judges of the circuit court of Cook County was robbed by six assailants in the 1100 block of North Sedgwick Avenue in Chicago. After he had been attacked from behind and knocked to the ground, one of the robbers lifted his head and beat it on the sidewalk. He was then robbed. He survived, but was unable to identify his attackers.

There were, however, two eyewitnesses, and all six participants were arrested within a few days. Five of them pleaded guilty. Jones pleaded not guilty, and when he testified he was confronted on cross-examination with his signed confession. He denied that he had made any confession and testified that while in police custody he had signed two blank sheets of paper, but that the printed initials "T.J." which appeared in the middle of the first page were not his. He denied having taken part in the assault and robbery.

The jury found him guilty. In imposing sentence the trial judge first commented upon the serious nature of the robbery, pointing out that it took place on a public street at 1:30 in the afternoon and that the defendant and his companions knocked the victim to the ground, beat him, took his head in their hands and pounded it on the sidewalk and left him there. He then continued, making the following comments upon which the defendant's contentions are based:

> "There seems to be no mitigating circum-
> stances that I can find and this defendant not

satisfied with the crime that he had committed takes the stand here; not only denies this robbery but he denies that he signed a statement for the police. The police statement that he signed at the bottom of the first page and the middle of the second page, he said he signed that in blank at the police station. It is an incredible story and an indication in my mind of a criminal bent in this young man.

When you decide it is necessary to compound a strong-armed robbery by perjury, by getting on the stand and telling a fantastic and unbelievable story to the jury and to the court you don't seem to me like a man that is worthy of any consideration. There is nothing unusual about this defendant except he is a man who is prone to strong-armed robbery. He is prone to perjury.

I can find no circumstance that would justify this court in not imposing a severe sentence."

The defendant contends: "In imposing sentence the trial judge himself recognized the severity [of the sentence] and commented that the defendant, in testifying on his own behalf, had compounded the robbery by committing perjury, and was thus undeserving of the court's consideration of a lesser sentence. The trial court thus penalized the defendant for a crime (perjury) for which he was neither indicted nor convicted, and exceeded his authority in violation of due process of law. *** In the present case the defendant was sentenced on a charge which was never made and upon which he was never tried." In addition, the defendant states that three of his co-defendants who entered pleas of guilty received less severe sentences:—that one of them was sentenced to two to three years in the penitentiary, and two of them were placed on probation for five years with the first year to be served in the county jail.

We do not read into the remarks of the trial judge any intention to sentence the defendant for perjury. Realis-

tically, it is impossible for a judge, in determining what sentence should be imposed, to erase from his mind the testimony of the defendant. The impact of that testimony upon the sentencing judge can hardly be said to be irrelevant to an appraisal of the defendant's character and his prospects of rehabilitation. We cannot appraise the degree of comparative responsibility of his co-defendants who acknowledged their guilt, or their prospects for rehabilitation. We see no reason to interfere with the sentence imposed on this defendant, and hold that he has not been deprived of due process of law.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*