THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NATHANIEL SHADD, Defendant-Appellant.

(No. 56118;

First District—December 5, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Ian Levin and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Terence J. Mahoney, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court.

The defendant was tried by the court, found guilty of robbery as charged, and sentenced to serve a term of 10 to 20 years in the State penitentiary. He appeals, urging only that the sentence was excessive.

The facts follow.

At approximately 1:30 A.M., on January 19, 1971, the defendant entered the Parkside Lounge in Chicago, where he drank beer until all other patrons had left. During this time he engaged in friendly conversation with the bartender, then went to the men's room. From this point there is conflicting testimony as to what occurred. The bartender testified that when defendant returned from the men's room he held his hand in his pocket in a manner indicating that he had a gun, and announced, "this is a stickup." He then took $40 to $50 from the cash register and various personal articles from the bartender.

The defendant testified that the bartender had solicited him to perform homosexual acts in the men's room, and the ensuing argument was over payment for these acts. He stated that the bartender gave him the various personal articles, but no money.

After defendant left the bar, the bartender called the police who arrested defendant as he was walking down the street. A search of his person at the time of arrest disclosed $47 in cash, the bartender's personal effects and a comb, but no pistol.

■■ Defendant's sole contention is that his sentence of 10 to 20 years was excessive. It is argued that the purpose of modern penology is to rehabilitate the offender and that the length of a sentence should be that which has the greatest potential to restore the offender to the status of a useful and productive citizen. (*People v. Harpole*, 97 Ill.App.2d 28.) However, defendant's history shows a resistance to rehabilitation. Another consideration is the right of the public to be free [during defendant's incarceration] from the antisocial behavior of a recidivistic offender. *People v. Steadman*, 3 Ill.App.3d 1047; *People v. Jones*, 2 Ill. App.3d 236.

In the case before us the record shows the following criminal history: 1961, theft conviction; 1963, conviction of a crime not disclosed in the record, with a sentence of one year; 1964, petty theft conviction; 1965, larceny conviction; 1966, petty theft conviction; 1967, robbery, burglary and armed robbery convictions. The record further discloses that defendant was paroled in 1969, but that his parole was revoked two months later, and that he returned to prison until his release on January 18, 1971, the day before the robbery in the instant case.

■■ Considering all the circumstances of this case, including defendant's criminal record, we do not feel that a reduction of sentence is warranted. *People v. Caldwell*, 39 Ill.2d 346; *People v. Taylor*, 33 Ill.2d 417.

Judgment affirmed.

HAYES and LEIGHTON, JJ., concur.