912

*In re* ANTHONY HODGES, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* ANTHONY HODGES, a Minor, Respondent-Appellant.)

(No. 60796;

First District (2nd Division)—July 15, 1975.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM:

The respondent, Anthony Hodges, a minor, appeals from an order of the Circuit Court of Cook County, Juvenile Division, adjudging him to be a delinquent minor for committing the offense of criminal trespass to a vehicle on May 23, 1973, in violation of section 21—2 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 21—2), and ordering him committed to the Juvenile Division of the Illinois Department of Corrections. On appeal, he contends plain error was committed when the trial court, without objection, admitted the testimony of a policeman establishing the identity of the owner of the vehicle, which testimony he now contends was the fruit of an illegal search of the vehicle he was driving at the time of his arrest.

The petition for adjudication of wardship filed May 24, 1973, alleged the respondent was a delinquent, first, because on May 23, 1973, he committed the offense of theft in violation of section 16—1(a)(1) of the

Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)(1)), in that he knowingly obtained unauthorized control over a 1963 Chevrolet belonging to Bridgett Staunton with the intent to deprive her permanently of that property and, secondly, that he committed the offense of criminal trespass to a vehicle in violation of section 21—2 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 21—2), in that he knowingly and without authority entered the same 1963 Chevrolet without the consent of Bridgett Staunton. Following an adjudicatory hearing, the court made a finding of guilty of criminal trespass to vehicle, the State dismissed the theft charge, and the court committed the respondent to the Illinois Department of Corrections.

Immediately prior to the taking of testimony at the hearing on June 11, 1973, the court stated, "I understand that on June 6th, 1973, there was a stipulation between the State and the respondent as to ownership and lack of consent for the vehicle involved, is that correct?"; the assistant State's Attorney responded, "Yes," and the assistant public defender responded, "So stipulated."

Chicago Police Officer Richard J. Obermaier was the only witness and he testified that on May 23, 1973, at about 10 in the morning, he and his partner were on patrol in a police car when he observed a "1963 Chevy Nova driving suspiciously down side streets and through alleys, with both occupants looking over their shoulders." Both occupants looked quite young and were sitting well into the seat of the car. After following for 5 minutes, he stopped the car at 5100 on Rice, immediately got out of the car and asked respondent for his driver's license and he stated he didn't have one. He asked to see the keys and the key did not fit the trunk. There was a key in the ignition and the wires were not popped. He asked the respondent whose car it was and he answered it was "his father's." He then asked if the respondent had any papers or identification proving that it was his father's and the respondent said, "No." The officer checked the car to see if it was "hot," it was not and he found gas receipts and other receipts on the floor of the car that showed it belonged to a woman, Bridgett Stone [sic]. He determined the vehicle was stolen by getting in touch with that person and talking with her and she told him she last saw the car about 8 in the morning the same day. The area where the car was found was "not very far" from where the woman lived, since he called her from the 15th District and she got there in a couple of minutes; he estimated the car was stopped within a mile of her home.

Although the respondent made no motion in the trial court to suppress the evidence he now claims was the fruit of an illegal search, as is required by section 114—12(c) of the Code of Criminal Procedure

(Ill. Rev. Stat. 1973, ch. 38, par: 114—12(c)), he now contends that he has not waived the point for review and that this court may consider the issue as "plain error" within the meaning of Supreme Court Rule 615(a). (Ill. Rev. Stat. 1973, ch. 110A, par. 615(a).) The leading case on the subject is *People v. Johnson* (1967), 38 Ill.2d 399, 403, 231 N.E.2d 447, in which the court concluded after a full discussion that a defendant's failure to make a motion to suppress in the trial court as required by section 114—12(c) of the Code of Criminal Procedure ordinarily waives the issue for purposes of review. The rule is subject to an exception when fundamental fairness requires, such as when the defendant could not be held to have knowingly waived his right against illegal search and seizure. In *Johnson*, for example, the defendant was represented by several different assistant public defenders and both the trial judge and the prosecutor erroneously informed defense counsel, when he sought to raise the issue in the trial court, that a hearing had already been conducted. Similarly, in *People v. Rodriquez* (1967), 79 Ill.App.2d 26, 31-32, 223 N.E.2d 414, the court held that a defendant's failure to renew a motion to suppress having earlier filed a written motion to suppress does not foreclose review.

■■ The rule, then, is that, absent considerations of fundamental fairness, failure to file an appropriate motion to suppress evidence constitutes a waiver unless it appears the defendant "lacks the opportunity to make his motion or that he was unaware of the grounds for its support." (*People v. Colon* (1973), 9 Ill.App.3d 989, 996, 293 N.E.2d 468.) In the case at bar, apart from the defendant's status as a juvenile, nothing appears of record to suggest the defendant was unfairly treated so that the waiver rule ought to be relaxed in this case. To the contrary, the record shows that 5 days prior to the hearing there was a stipulation as to ownership and lack of consent. The stipulation explains why Officer Obermaier was the only State witness and why the defendant did not make any motion to suppress. The purpose of the testimony concerning the receipts and the owner's identity was to establish that the defendant was not the owner and entered the vehicle without authority. Since the defendant stipulated to these elements prior to trial, the testimony was unnecessary. In light of this stipulation, the defendant must be held to have waived any issue he might have had concerning the admissibility to the oral testimony of the police officer and the receipts he found in the car.

Accordingly, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.