THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
AARON E. BIER, Defendant-Appellant.

Fourth District   No. 4—90—0616

Opinion filed April 23, 1991.

Randell S. Morgan, of Kinate & Morgan, of Fairbury, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant Aaron E. Bier was convicted in a bench trial of obstructing justice (Ill. Rev. Stat. 1989, ch. 38, par. 31—4) and sentenced to three years' imprisonment, the sentence to be served consecutive to a sentence defendant received for reckless homicide. Defendant appeals his conviction and sentence and argues (1) the trial

court erred in finding there was probable cause to stop defendant's vehicle; and (2) the three-year sentence constitutes an abuse of discretion. We affirm.

In the late afternoon on October 25, 1989, the van defendant was driving was stopped by Officer Lutes, a Normal police officer. Lutes testified, without objection, that he stopped defendant after receiving a radio transmission from the McLean County sheriff's department that defendant had earlier bonded out from their department and left driving a black Ford van on a revoked driver's license. Lutes stopped a van meeting the description and asked the driver for his driver's license, to which the defendant responded "he didn't have it with him at that time." The officer then asked defendant "what his name was." Defendant objected to this question, arguing there was no "probable cause to stop a vehicle," that the radio transmission from one policeman to another is not probable cause to stop a vehicle. Defendant's attorney further argued the officer did not testify the "car did anything in causing it to be pulled over" but relied "upon the police transmission."

The prosecutor responded the defendant had an opportunity to make a motion to suppress and that point of the case had already passed.

Defendant's attorney answered he did not file a motion to suppress but could raise the issue "at any point in the trial until the Court rules upon it; and *** there has been no requirement in writing, or other direction by the Court, that I have to file a Motion to Suppress of any sort. Since this is not a jury trial it is not necessary to keep that from the trier of the fact."

The trial court responded an arraignment order entered December 5, 1989, "admonished the defendant *** to file and set for hearing any and all pretrial motions *** within 14 days after the People complied with this Discovery Order." The court further stated the motion to suppress should have been filed pursuant to that order, noting it could be filed later during trial if it was appropriate. "There is nothing in this record that would indicate *** the defense did not have sufficient information *** to make that judgment prior to trial; that is that they just found out that information at this time." The court suggested waiver but further stated there was "sufficient probable cause to make a stop." Defendant's attorney made no further response and the cause proceeded.

Defendant, relying on *Whiteley v. Warden of Wyoming State Penitentiary* (1971), 401 U.S. 560, 28 L. Ed. 2d 306, 91 S. Ct. 1031, and *United States v. Hensley* (1985), 469 U.S. 221, 83 L. Ed. 2d 604, 105

S. Ct. 675, argues the trial judge erred in finding there was "probable cause" to stop him. The State relies initially on the waiver rule as stated by the trial judge. On the merits, the State argues the test to determine whether the stop of defendant was proper is whether the officer had a reasonable suspicion defendant violated the law, not whether the officers had probable cause to stop defendant. In any event, the State contends it presented sufficient evidence in support of the stop of defendant.

■ We first consider the timeliness of defendant's motion to suppress. Section 114—12 of the Code of Criminal Procedure of 1963 (Code) provides in pertinent part:

"Motion to Suppress Evidence Illegally Seized.

\* \* \*

(b) The motion shall be in writing and state facts showing wherein the search and seizure were unlawful. \*\*\*

\* \* \*

(c) The motion shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion." (Ill. Rev. Stat. 1989, ch. 38, par. 114—12.)

This statute directs the motion to suppress evidence shall be *in writing* and made *before trial* unless the two stated exceptions apply. The requirement that the motion be made before trial springs from a policy that a court should not be required to " 'stop the orderly progress of the trial even to investigate the question whether the method of obtaining possession of the offered evidence was in violation of the [defendant's] constitutional rights.' " (*People v. Johnson* (1967), 38 Ill. 2d 399, 402, 231 N.E.2d 447, 449, quoting *People v. Winn* (1927), 324 Ill. 428, 441, 155 N.E. 337, 341.) We note approvingly the arraignment order entered in this case, directing defendant "to file and set for hearing any and all pretrial motions \*\*\* within 14 days after the People complied" with the discovery they were ordered to present to defendant. The determination of a particular time frame within which defendant is to file a pretrial motion to suppress evidence is fully consistent with and authorized by section 114—12 of the Code. (Ill. Rev. Stat. 1989, ch. 38, par. 114—12.) The fact that this was a bench trial does alleviate some problems inherent in a jury trial but the provisions of section 114—12 still apply.

■ The defendant's motion to suppress, presented during trial, was untimely and the trial court was fully justified in rejecting it upon that sole ground without addressing its merits. Because we affirm that action of the trial court, we likewise need not address the merits

of defendant's motion. In holding that the trial court did not abuse its discretion, we note that the State answered defendant's discovery request on December 26, 1989, and revealed two police officers would testify for the State and provided a copy of the police report which clearly reflected the basis for the stop of defendant's van. The trial was held May 17, 1990, almost five months later. We, therefore, find this issue is waived. *People v. White* (1985), 134 Ill. App. 3d 262, 479 N.E.2d 1121; *People v. Jones* (1971), 2 Ill. App. 3d 236, 276 N.E.2d 477, *aff'd on other grounds* (1972), 52 Ill. 2d 247, 287 N.E.2d 680.

Next, defendant argues his three-year sentence constitutes an abuse of discretion and asks this court to reduce it. The State argues the defendant waived any issue as to his sentence because he did not file a motion for reduction of sentence in the trial court. On the merits, the State maintains no abuse of discretion occurred in this case.

■■ In this case, a joint sentencing hearing was conducted at which defendant was sentenced for the instant offense and for reckless homicide. Defendant filed a motion in the trial court for reduction of the five-year sentence imposed for reckless homicide but did not so challenge the three-year sentence for obstructing justice. We find defendant waived this issue due to his failure to file a post-sentencing motion for this offense. (*People v. Williams* (1989), 180 Ill. App. 3d 294, 535 N.E.2d 993.) On the merits, the sentence imposed is within the sentencing range for a Class 4 felony. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(7).) Moreover, while the sentence may be heavy, when considering the circumstances that defendant was driving with a revoked license after he was convicted of reckless homicide, and the deference and discretion afforded trial courts in sentencing (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541), we find no abuse of discretion.

For the foregoing reasons, defendant's conviction and sentence are affirmed.

Affirmed.

LUND, P.J., and STEIGMANN, J., concur.