745 P.2d 138

**STATE of Arizona, Appellee,**

v.

**Martley Leroy HOLDER, Appellant.**

**No. 1 CA-CR 9230.**

Court of Appeals of Arizona, Division 1, Department A.

April 21, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Paul J. McMurdie, Asst. Atty. Gen., Phoenix, for appellee.

John M. Antieau, Phoenix, for appellant.

## OPINION

GRANT, Judge.

Martley Leroy Holder (defendant) was charged by information with theft, a class 3 felony, with two alleged prior felony convictions. The defendant represented himself at trial with advisory counsel to assist him. His first trial ended in a hung jury. At the retrial, where he again chose to represent himself with advisory counsel, he was convicted of theft and later admitted to the two prior felony convictions. The trial court imposed an aggravated sentence of 14 years imprisonment. On appeal, defendant argues:

(1) He was denied equal protection by the state's exclusion of black jurors from his jury panel; and

(2) The trial judge illegally aggravated defendant's sentence on the ground that defendant would not admit guilt.

## EXCLUSION OF BLACKS FROM THE JURY PANEL

The defendant who is black argues that there were two black persons on the jury panel whom the prosecutor struck by use of the peremptory challenge. He argues that the purposeful and deliberate exclusion of blacks from the jury panel denied him equal protection of the law. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *Batson* held that a defendant may establish a *prima facie* case of purposeful discrimination in the selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges in his case alone. *Id.* at 94, 106 S.Ct. at 1721–22, 90 L.Ed.2d at 86–87.

To establish such a case, the defendant must show he is a member of a cognizable racial group and that the state exercised its peremptory challenges to strike members of the defendant's race from the jury. *Id.* at 96, 106 S.Ct. at 1723, 90 L.Ed.2d at 87. In deciding whether a defendant has made the showing necessary to support an inference of purposeful discrimination, a trial judge must consider all relevant circumstances. *Id.* at 96–97, 106 S.Ct.

at 1723, 90 L.Ed.2d at 88. "Once the defendant makes a *prima facie* showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors." *Id.*

The defendant suggests that the record supports his claim that the use of the peremptory challenge was racially motivated because his first trial, which included a black juror, ended in a hung jury. The state responded by arguing that *Batson* should not be applied retroactively.

This issue has been settled by the recent decision of the United States Supreme Court in *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). In *Griffith*, the court held that *Batson* applies to litigation pending on direct appeal or not yet final when *Batson* was decided. The court further held that new rules of constitutional procedure would apply, at the very least, to all cases pending on direct review, even cases falling into the "clear break" category. *Griffith v. Kentucky*, 479 U.S. at ——, 107 S.Ct. at 716, 93 L.Ed.2d at 661.

In addition, the state argues that defendant's claim that the only two black members of the panel were struck and that the action was racially motivated is not supported by the record. The state suggests that the only indication in the record that some of the excused jurors were of the defendant's race was a reference in the presentence report and the defendant's own statement at sentencing. However, in reviewing the record, it is clear that at least twice in the defendant's closing argument he referred to the fact that black jurors had been removed from the panel.

[2] Although it is settled that, absent fundamental error, objection for the first time on appeal is generally waived, *State v. Burton*, 144 Ariz. 248, 250, 697 P.2d 331, 333 (1985), we think it would be unfair to suggest that any attorney, or a defendant representing himself, should have been aware of the grounds for objecting to the exercise of peremptory challenges to exclude members of a minority race from a jury panel in light of the holdings in *State v. Wiley*, 144 Ariz. 525, 535–37, 698 P.2d

82

1244, 1254–56 (1985) and *State v. Lujan,* 124 Ariz. 365, 369, 604 P.2d 629, 633 (1979). In *Wiley,* the court made it clear that a prosecutor should not be required to explain why he had removed certain jurors and that it would not examine the prosecutor's reasons for striking them. The court concluded that:

> Rather, we will continue to adhere to the *Swain* rationale that a defendant is not entitled to a new trial unless he is able to show systematic exclusion of an identifiable group.

*State v. Wiley,* 144 Ariz. at 537, 698 P.2d at 1256.

In view of the previous clear and consistent holdings of Arizona precedent adhering to the rationale of *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), regarding the prosecutor's use of peremptory challenges to remove jurors from a venire panel, an attorney would have had no reasonable basis upon which to formulate a constitutional objection to a uniformly condoned practice. When an attorney fails to raise a claim for which there is no reasonable basis in existing law, his actions do not seriously implicate any of the concerns that might otherwise require adherence to the waiver rationale set forth in cases such as *Burton. See Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984).

■ In *Reed,* in addressing the question of whether there had been "cause" for the defendant's failure to raise an issue on appeal, the Court stated:

> [W]e hold that where a constitutional claim is so novel that its legal basis is not legally available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures.

468 U.S. at 16, 104 S.Ct. at 2910, 82 L.Ed.2d at 15 (1984). In view of the holdings in *Batson, Griffith* and *Reed,* we conclude that the prosecutor's alleged use of the peremptory challenges in this case to strike the only two black jurors from this black defendant's jury panel requires a remand for a hearing. This hearing will permit the prosecutor to articulate a racially neutral explanation if one exists for excluding the black jurors.

## IMPOSITION OF AN AGGRAVATED SENTENCE

■ Defendant argues that the trial judge improperly relied upon his continued claim of innocence as an aggravating factor to support imposing a 14 year term of imprisonment. He argues that a defendant's refusal, at trial or thereafter, to admit guilt cannot be considered in determining the sentence. *State v. Carriger,* 143 Ariz. 142, 692 P.2d 991 (1984), *cert. denied,* 471 U.S. 1111, 105 S.Ct. 2347, 85 L.Ed.2d 864 (1985); *State v. Kerekes,* 138 Ariz. 235, 673 P.2d 979 (App.1983). Defendant suggests that when a trial court appears to have otherwise conducted a conscientious balancing of mitigating and aggravating factors, its consideration of the defendant's invocation of his fifth amendment rights is fundamental error and cannot be said to be harmless beyond a reasonable doubt. *Kerekes,* 138 Ariz. 235, 673 P.2d 979. Although the state agrees that the trial court erred in considering the defendant's failure to acknowledge guilt as an aggravating circumstance, it argues that the error does not require a remand for resentencing because other aggravating circumstances supported the imposition of the sentence. The state concludes that the elimination of one of the aggravating factors does not mandate a remand for resentencing. *State v. McCall,* 139 Ariz. 147, 677 P.2d 920 (1983), *cert. denied,* 467 U.S. 1220, 104 S.Ct. 2670, 81 L.Ed.2d 375 (1984).

We do not agree. The trial judge stated that he had considered the defendant's extensive criminal record, his failure to be rehabilitated while on probation, the failure of prison terms to correct his behavior, and the recommendations of the probation department, prosecutor, and jurors who served on the first jury. The court also noted that in spite of the clear proof of the defendant's guilt, he continued to allege his innocence. The court made that statement while commenting about the fact that two years of imprisonment had been insufficient to discourage the defendant from

committing felonies, as was his probationary period, and that it was necessary to protect the public from further transgressions by him. The trial court's statement, considered in the context of the entire sentencing proceeding, demonstrates that he had concluded that the defendant's refusal to admit guilt showed that his prospects for rehabilitation were negligible. *See People v. Ward,* 113 Ill.2d 516, 520, 101 Ill.Dec. 834, 838, 499 N.E.2d 422, 426 (1986), *cert. denied* —— U.S. ——, 107 S.Ct. 1314, 94 L.Ed.2d 168 (1987), in which the court approved the trial judge's consideration of defendant's refusal to admit guilt at the time of sentencing.

The defendant in this case arguably received a sentence greater than he would have received had he admitted his guilt. Despite the rationale of *Ward,* we believe that this amounts to punishing a defendant for exercising his fifth amendment right against self-incrimination and is fundamental error under *Carriger* and *Kerekes.*

Consequently, we vacate the sentence imposed and remand to the trial court for resentencing. This conclusion does not preclude reimposition of the aggravated sentence if the trial judge, in balancing the factors which he may properly consider, concludes that such a sentence is appropriate.

This matter is remanded to the trial court for a hearing to determine whether the prosecutor's exercise of peremptory challenges can be supported by a racially neutral explanation. If the trial court decides that the facts establish, *prima facie,* purposeful discrimination and the prosecutor does not come forward with a racially neutral explanation for his action, the conviction must be reversed, and the trial court is directed to order a new trial. If the trial judge determines that the prosecutor has presented a racially neutral explanation the trial judge is to make findings with respect to that issue, the conviction shall stand and the trial court is directed to resentence the defendant in accordance with this opinion.

Sentence vacated, remanded with directions.

CONTRERAS and KLEINSCHMIDT, JJ., concur.