NOTICE

Decision filed 09/05/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220604-U

NO. 5-22-0604

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 22-CF-202 |
| | ) | |
| TRAVIS ASHWORTH, | ) | Honorable |
| | ) | Thomas E. Griffith, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Justices Welch and Cates concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where the defendant failed to establish that the trial court relied on an improper factor at his sentencing hearing, the defendant's sentence is affirmed.

¶ 2    On February 24, 2022, the defendant was charged by information in Macon County, Illinois, with two counts of armed violence (720 ILCS 5/33A-2(a), 33A-3(a-5) (West 2020)), one count of aggravated domestic battery (*id.* § 12-3.3(a-5)), and one count of unlawful possession of methamphetamine (720 ILCS 646/60(a) (West 2020)). For each count of armed violence, the defendant faced a nonprobationable minimum sentence of 10 years in the Illinois Department of Corrections (IDOC) and a maximum of 30 years. The sentencing range for aggravated domestic battery was three to seven years IDOC and two to five years for unlawful possession of methamphetamine; both charges were probationable. After a two-day jury trial in July 2022, the

1

defendant was acquitted of the armed violence counts and convicted of aggravated domestic battery and unlawful possession of methamphetamine. At the defendant's sentencing hearing, the State requested a sentence of four years IDOC, while the defendant requested probation. The trial court sentenced the defendant to concurrent prison terms of 42 months for aggravated domestic battery and 2 years for unlawful possession of methamphetamine. The defendant filed a timely appeal.

¶ 3                                    I. Background

¶ 4     Travis Ashworth, the defendant, and his girlfriend, Alyssia Cook, lived with a friend, Garrett Miller, for a few days in February of 2022, during which time the defendant helped Garrett repair flooring in a bathroom of his mobile home. One night during their stay, at around 2 a.m., the defendant and Cook began arguing. Garrett and his wife Jessica witnessed the defendant put his hands around Cook's throat on the couch in the living room. When the police arrived, officers could see within the residence and observed the defendant stuff items in between the couch and a cabinet. The Millers gave statements to the police, and officers observed injuries on Cook's neck consistent with strangulation. The Millers informed the officers that the defendant had also approached Garrett with a machete when they attempted to help Cook. The police arrested the defendant, conducted a consensual search of the mobile home, and found the machete and methamphetamine.

¶ 5     After several court appearances and no plea agreement, the case proceeded to jury trial. The jury acquitted the defendant of the armed violence counts and convicted him of aggravated domestic battery and unlawful possession of methamphetamine. At sentencing, the State presented a sworn statement from a pending domestic battery charge and, after arguing factors in aggravation, recommended a sentence of four years IDOC. The defendant called a witness who

testified to the defendant's work ethic and, after arguing factors in mitigation, requested probation. Alternatively, the defendant requested the minimum prison sentence of three years. The court recited a lengthy explanation for the defendant's sentence, including the following:

"I certainly do not think this is a good case for probation. That would be based on the degree of violence involved in the offense and the posture of the case.

The other factors I deem to be important, Mr. Ashworth is 27, which is not very old, but it is an age that one needs to actually be thinking about what they're doing. He stands convicted, again, of aggravated domestic battery, which is a very serious offense. Again, a degree of violence involved in this particular situation.

At least prior to trial, there was absolutely no acceptance of responsibility. I believe this case probably could have been resolved in some different posture. There are a lot of prior convictions. I know no prior adult felonies, but there's a battery in '13, a DUI, under the influence of a drug in '19, the pending domestic battery. Again, I just have a sworn statement. I'll give that limited weight.

But then as a juvenile, residential burglary, two counts of burglary, and placed on probation a number of times. It, obviously, has not taken.

There's not a lot of positives here. I certainly listened to the testimony that Mr. Ashworth is a hard worker and so on, but I don't see any lengthy history of full-time employment. There are certainly substance abuse issues, and I think the substance abuse issues here

3

probably directly contributed to the offense conduct in this particular

case. So again on balance, I don't think probation is appropriate."

¶ 6     Additionally, the court made a finding that a sentence of probation would deprecate the seriousness of the offense. In aggravation, the court considered the defendant's age, his criminal history, the violent nature of the charges, the lack of acceptance of responsibility, and several probation failures. In mitigation, the trial court acknowledged that testimony was presented highlighting the defendant's work ethic, but the trial court noted that there was actually a lack of full-time employment history. The trial court also noted that substance abuse contributed to the offense. The defendant's prison sentence was six months less than the State's request and six months more than the minimum.

¶ 7                                    II. Analysis

¶ 8     The defendant argues that he was unfairly sentenced for insisting on his right to trial by jury. Defendant acknowledges that he did not object to the trial court's alleged improper consideration of aggravating factors, nor did he file a motion to reconsider the sentence. Therefore, the State argues that this issue is forfeited. The defendant asks us to review this issue under a plain error doctrine. "[T]he plain-error doctrine bypasses normal forfeiture principles and allows a reviewing court to consider unpreserved error when either (1) the evidence is close, regardless of the seriousness of the error, or (2) the error is serious, regardless of the closeness of the evidence." *People v. Herron*, 215 Ill. 2d 167, 186-87 (2005). "The plain error exception will be invoked only where the record *clearly* shows that an alleged error affecting substantial rights was committed." (Emphasis in original.) *People v. Hampton*, 149 Ill. 2d 71, 102 (1992). To determine if a substantial right was affected, "a defendant must then show either that (1) the evidence at the sentencing

4

hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *People v. Hillier*, 237 Ill. 2d 539, 545 (2010).

¶ 9    We must first determine if there was an error that affected the defendant's substantial right to a fair sentencing. In making such a determination, the reviewing court should not focus on a few words or statements of the trial court. *People v. Ward*, 113 Ill. 2d 516, 526-27 (1986). Rather, the determination of whether the sentence was improper must be made by considering the whole record. *Id.* Here, the defendant focuses on select statements made by the court at sentencing. The court found that probation was not an appropriate sentence, stating, *inter alia*, that this assessment was "based on the degree of violence involved in the offense *and the posture of the case*." (Emphasis added.) The court also said, "At least *prior to trial, there was absolutely no acceptance of responsibility*. I believe this case probably could have been resolved in some different *posture*." (Emphases added.) The defendant argues that these statements prove the trial court imposed an unfair sentence solely because the defendant decided not to plead guilty.

¶ 10    We agree that the referenced statements could arguably be perceived as punishment for the defendant's refusal to plead guilty. We note that the word "posture" could have multiple meanings. Taken by themselves, the highlighted statements by the trial court are, at best, inartful.

¶ 11    Yet, "[a]n isolated remark made in passing, even though improper, does not necessarily require that defendant be resentenced." (Internal quotation marks omitted.) *People v. Reed*, 376 Ill. App. 3d 121, 128 (2007). The defendant must show that the trial court relied on the statements when handing down the sentence in order for a substantial right to have been violated. *Id.* The record does not support such a finding, and absent an abuse of discretion, we cannot disturb the assessment of the trial court who is in the superior position to appraise complex factors. *Ward*, 113 Ill. 2d at 530. The Illinois Supreme Court in *Ward* explained that "other factors, not revealed by

5

the cold record, such as tone of voice, facial expression and general demeanor," are a few of the legitimate factors a trial judge has a right to evaluate. *Id.* "It would be highly improper to deny the trial court the right to consider any relevant information concerning the defendant's character and his potential for rehabilitation that may be conveyed by his continued protestation of innocence and his lack of remorse \*\*\*." *Id.*

¶ 12 The defendant failed to establish that the trial court relied on the isolated, improper comments for its finding that neither probation nor a minimum IDOC sentence was appropriate. The trial court articulated specific aggravating factors, explicitly considering the defendant's age, criminal history, the violent nature of the charges, the lack of a consistent work history, and several previous probation failures. In other words, the trial court was clear that the factors in aggravation elevated the sentence, while no true mitigation was presented.

¶ 13 Finally, to determine if remand is required when reviewing an improper sentencing factor application, we consider "(1) whether the trial court made any dismissive or emphatic comments in reciting its consideration of the improper factor; and (2) whether the sentence received was substantially less than the maximum sentence permissible by statute." *People v Dowding*, 388 Ill. App. 3d 936, 945 (2009). Although the court did make some inopportune statements regarding the posture of the case, the defendant's sentence was half of the allowable maximum, and less than the State's recommendation. After reviewing the entire record, we find the defendant failed to prove that the evidence at his sentencing was closely balanced or that any error by the trial court was so egregious as to deny the defendant a fair sentencing. *Hillier*, 237 Ill. 2d at 545. Further, because the trial court did not rely on an improper sentencing factor, any ineffective assistance of counsel argument is meritless. See, *e.g.*, *People v. Edwards*, 195 Ill. 2d 142, 165 (2001).

¶ 14                              III. Conclusion

¶ 15    For the above reasons, the defendant's sentence is affirmed.

¶ 16    Affirmed.