No. 3--08--0424

_____
Filed June 4, 2010

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
|     Plaintiff-Appellee, | ) ) | |
|     v. | ) ) | No. 07--CF--1305 |
| PHILLIP THOMAS ELLIS, | ) ) | Honorable James E. Shadid, |
|     Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the opinion of the court:
_____

A jury found defendant, Phillip Thomas Ellis, guilty of aggravated discharge of a firearm (720 ILCS 5/24--1.2(a)(2) (West 2006)), aggravated unlawful use of a weapon (720 ILCS 5/24--1.6(a)(1) (West 2006)), and unlawful possession of a weapon by a felon (720 ILCS 5/24--1.1(a) (West 2006)).  The trial court entered judgment on the first two counts, vacating the conviction for unlawful possession of a weapon by a felon.  The trial court sentenced defendant to concurrent terms of 9½ years' imprisonment for aggravated discharge of a firearm and 6 years' imprisonment for aggravated unlawful use of a weapon.  Defendant appeals, arguing that: (1) the wrong conviction was vacated under the one-act, one-crime doctrine; and (2) the trial court erred in relying upon the threat of serious harm when sentencing defendant for

aggravated discharge of firearm because it was inherent in the offense. We affirm.

FACTS

Adrian Morris testified that he knew defendant. On the night of October 26, 2007, he gave an acquaintance a ride in his two-door Chevrolet Monte Carlo to the Landmark Apartments on Martin Luther King Drive in Peoria. While they were parked in front of the apartments, a vehicle passed Morris's vehicle on the driver's side, braked, and backed up, stopping near Morris's vehicle. Defendant, who was one of the passengers, was saying something to Morris through the passenger window. Morris turned down his radio and opened his driver's side door. He heard defendant say, "I heard what you did to my baby mama." Morris understood that defendant was referring to the mother of defendant's child, who was also Morris's on-and-off girlfriend.

Morris and defendant both exited their vehicles. Morris's passenger and the occupants of defendant's car did not exit the vehicles. Morris went to grab defendant, and defendant removed a firearm from the waistband of his pants and told Morris to get back in the car. As defendant started to raise his arm, Morris got back in his car. As Morris shut his door, he heard shots. Morris dropped his seat back, trying to avoid getting hit by a bullet, and sped away. Morris heard three or four shots, and heard two bullets strike his car. Morris identified defendant from a photo array.

2

Michael Clark, a Peoria police department detective, testified that he met with Morris at around 2 a.m. on October 27, 2007, at the scene of the altercation on Martin Luther King Drive. He observed two bullet strikes on the rear quarter panel of Morris's vehicle, near the driver's side back window. He also recovered a bullet shell casing and a bullet fragment from the scene.

The jury found defendant guilty of all three counts. At sentencing, the State noted that count III, unlawful possession of a weapon by a felon, should merge into count II, aggravated unlawful use of a weapon. The trial court agreed, entering judgment only on counts I and II.

At sentencing, the trial court considered the presentence investigation report, arguments of counsel, defendant's statement, and a statement by defendant's father. It found in aggravation that defendant's conduct threatened serious harm. Specifically, the trial court noted that it could not overlook the fact that defendant's reckless actions threatened not only Morris, but also Morris's passenger. The trial court sentenced defendant to 9½ years' imprisonment for aggravated discharge of a firearm and 6 years' imprisonment for aggravated unlawful use of weapon by a felon, to be served concurrently.

Defendant filed a motion to reconsider the sentence, arguing that the 9½ years was excessive. The trial court denied the motion. Defendant appealed.

3

ANALYSIS

I. One Act, One Crime

On appeal, defendant first argues that the trial court vacated the wrong conviction under one-act, one-crime principles. Defendant contends that the offense of unlawful possession of a weapon by a felon is a more serious offense than aggravated unlawful use of a weapon. Thus, defendant argues that the latter should have been vacated.

The one-act, one-crime doctrine prohibits multiple convictions based on the same physical act. People v. Rodriquez, 169 Ill. 2d 183, 661 N.E.2d 305 (1996). If a defendant is convicted of two offenses based on the same act, the conviction for the less serious offense must be vacated. People v. Lee, 213 Ill. 2d 218, 821 N.E.2d 307 (2004). In determining which offense is less serious, this court defers to the legislature. Lee, 213 Ill. 2d 218, 821 N.E.2d 307. We review this question of law de novo. People v. Johnson, 237 Ill. 2d 81 (2010).

Section 24--1.6(d) of the Criminal Code of 1961 (Code) provides that aggravated unlawful use of a weapon, by a person previously convicted of a felony, is a Class 2 felony, with a sentencing range of three to seven years' imprisonment. 720 ILCS 5/24--1.6(d) (West 2006). Section 24--1.1(e) of the Code provides that unlawful possession of a weapon by a felon is a Class 3 felony, with a sentencing range of 2 to 10 years' imprisonment. 720 ILCS 5/24--1.1(e) (West 2006). Both offenses are subject to a

term of mandatory supervised release, two years and one year, respectively. 730 ILCS 5/5--8--1(d)(2), (d)(3) (West 2006). The Illinois Supreme Court recently specifically ruled on the relative seriousness of the subject two offenses, aggravated unlawful use of a weapon and unlawful possession of a weapon by a felon. Johnson, 237 Ill. 2d 81. In concluding that it was the legislature's intent that unlawful possession of a weapon by a felon is a less serious offense than aggravated unlawful use of a weapon, it noted that:

> "[U]nlawful possession of a weapon by a felon was given a lower felony classification by the legislature, was made a probationable offense, and was made subject to a shorter period of mandatory supervised release. By contrast, aggravated unlawful use of a weapon was given a higher felony classification by the legislature, was made a nonprobationable offense, was given a higher minimum sentence of imprisonment, and was made subject to a longer period of mandatory supervisory release." Johnson, 237 Ill. 2d at 99.

Defendant's convictions for aggravated discharge of a firearm and aggravated unlawful use of a weapon are affirmed.

## II. Sentencing

Defendant contends that when imposing his sentence, the trial

5

court improperly considered the aggravating factor that he caused or threatened serious harm, arguing that it was an inherent element of the offense of aggravated discharge of a firearm.

Although a trial court has broad discretion when imposing a sentence, it may not consider a factor implicit in the offense as an aggravating factor in sentencing. People v. Phelps, 211 Ill. 2d 1, 809 N.E.2d 1214 (2004). In other words, a single factor cannot be used as both an element of an offense and a basis for imposing a harsher sentence than would otherwise have been imposed. Phelps, 211 Ill. 2d 1, 809 N.E.2d 1214. However, a sentence imposed by a trial court will not be reversed unless it is clearly evident that the sentence was improperly imposed. People v. Ward, 113 Ill. 2d 516, 499 N.E.2d 422 (1986). In determining whether the sentence was properly imposed, a reviewing court looks to the record as a whole and should not focus on a few words or statements of the trial court. Ward, 113 Ill. 2d 516, 499 N.E.2d 422. "The imposition of a criminal sentence should not be reduced to a litany of accepted and approved but meaningless words and phrases." Ward, 113 Ill. 2d at 527, 499 N.E.2d at 426.

Section 24--1.2(a)(2) of the Code provides that a person commits aggravated discharge of a firearm when he knowingly or intentionally "[d]ischarges a firearm in the direction of another person or in the direction of a vehicle he or she knows or reasonably should know to be occupied by a person." 720 ILCS

6

5/24--1.2(a)(2) (West 2006). The threat of serious harm is a statutory aggravating factor. 730 ILCS 5/5--5--3.2(a)(1) (West 2006). Defendant argues that the act of discharging a firearm in the direction of another person always carries with it the threat of serious harm.

We find that the threat of serious harm is not an inherent element of the offense of aggravated discharge of a firearm, which only requires that a defendant fire in the direction of a person or occupied car. See People v. Torres, 269 Ill. App. 3d 339, 645 N.E.2d 1018 (1995). Aggravated discharge of a firearm is a Class 1 felony, with a sentencing range of 4 to 15 years. 720 ILCS 5/24--1.2(a)(2), (b) (West 2006); 730 ILCS 5/5--8--1(a)(4) (West 2006). Implicit in every offense of aggravated discharge of a firearm is the threat of harm. However, not every aggravated discharge of a firearm threatens the same amount of harm. Compare the "warning shot" that is intended to go and does go six feet over someone's head to a shot that sends a bullet flying within an inch of someone's ear. Equal threats of serious harm? In this case, it was not an inherent element of the offense that defendant's gunshots threaten two people, although defendant's conduct threatened both Morris and his passenger with serious harm. It was also not inherent in the offense that the bullets actually strike the vehicle or that the bullets strike near a window of the vehicle.

The trial court acted within its discretion by considering

7

the relative threat of harm caused by defendant's conduct. Defendant's sentence is affirmed.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

CARTER and LYTTON, JJ., concur.