**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180466-U

Order filed July 7, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-18-0466 Circuit No. 16-CF-331 |
| WILLIAM E. LEVAN, | ) ) | Honorable Lisa Y. Wilson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Presiding Justice McDade and Justice Wright concurred in the judgment.

**ORDER**

¶ 1   *Held*: (1) Defendant's three aggravated DUI convictions derive from the same physical act in violation of the one-act, one-crime rule. (2) Defendant forfeited review of his improper aggravating factor argument.

¶ 2   Defendant, William E. Levan, appeals from his three convictions for aggravated driving under the influence (DUI). Defendant argues that two of these convictions must be vacated under the one-act, one-crime rule, and the court improperly considered in aggravation harm caused and the threat of serious harm. We affirm in part and remand with directions.

I. BACKGROUND

¶ 4     The grand jury indicted defendant with three counts of aggravated DUI (625 ILCS 5/11-501(a)(1), (a)(2) (West 2014)) and one count of driving while license revoked (*id.* § 6-303(d-4)). The first aggravated DUI charge alleged that defendant knowingly operated a motor vehicle while under the influence of alcohol. The second aggravated DUI charge alleged that defendant knowingly operated a motor vehicle while the alcohol concentration in his blood or breath was 0.08 or higher. The third aggravated DUI charge alleged that defendant knowingly operated a motor vehicle while having any amount of drug or substance resulting from the unlawful use of cocaine (*id.* § 11-501(a)(6)). Each aggravated DUI charge alleged that defendant had committed five prior violations of section 11-501(a) of the Illinois Vehicle Code, which made each charge a Class X felony (*id.* § 11-501(d)(2)(E)). The cause proceeded to a jury trial.

¶ 5     The evidence at trial established that on April 19, 2016, at approximately 3:55 p.m. defendant was involved in a single-vehicle motorcycle accident. Officer Scott Hulse reported to the scene and detected an odor of an alcoholic beverage emitting from defendant. Hulse also observed that defendant had bloodshot, glassy eyes, and defendant's performance on the horizontal gaze nystagmus test indicated that he had consumed alcohol. Defendant told Hulse that he lost control of the motorcycle and jumped off because he feared he would crash into some nearby trees. The motorcycle struck a tree, and defendant injured his leg. Hulse observed an open beer can and several pieces of debris from the motorcycle near a damaged tree.

¶ 6     After the accident, defendant told a nurse that he lost control of the motorcycle and he jumped off. Defendant indicated that he had consumed 1½ beers, and the nurse detected the odor of alcohol. Hospital staff determined that defendant sustained bone fractures in both of his legs. A

blood and urine sample collected to aid with defendant's treatment detected both ethyl alcohol and cocaine metabolites.

¶ 7    Defendant testified that he consumed several alcoholic beverages on April 19, 2016. However, he did not operate a motorcycle on that date. Instead, Phillip Wheeler drove while defendant rode on the back of the motorcycle. Defendant jumped off the motorcycle when he thought Wheeler was about to drive into a tree.

¶ 8    The jury found defendant guilty of all three aggravated DUI charges and not guilty of driving while license revoked. Defendant filed a motion for a new trial, which the court denied.

¶ 9    During sentencing, the State argued in aggravation that defendant's "conduct did actually cause harm." The State acknowledged that defendant only caused harm to himself but asserted the court should still consider the harm in aggravation.

¶ 10    In its ruling, the court stated, "obviously we know that there was harm caused to [defendant], but potentially there could have been serious injury or potentially death, not only to himself but to others based upon the action of what he did here."

¶ 11    The court sentenced defendant to 10 years' imprisonment. The court was silent as to which count the judgment would be entered on. Defendant's judgment order listed all three aggravated DUI charges. Defendant appeals.

¶ 12                                    II. ANALYSIS

¶ 13    Defendant argues that (1) his three convictions for aggravated DUI violate the one-act, one-crime rule, and (2) the court erred when it considered defendant's actions caused harm or threatened serious harm (730 ILCS 5/5-5-3.2(a)(1) (West 2014)). Defendant acknowledges that he failed to properly preserve these issues for appellate review. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (to preserve an issue for appellate review, a defendant must both object to the issue at

3

trial and include it in a written posttrial motion). Nevertheless, defendant argues that we may review these issues under the plain-error doctrine. The State concedes that defendant's multiple convictions for aggravated DUI violate the one-act, one-crime rule. However, the State argues that the court did not err when considering defendant's harm to himself in aggravation.

¶ 14       When a defendant forfeits appellate review of a claim of error, we may only consider the claim when the defendant establishes that a plain error occurred. See Ill. S. Ct. R. 615(a). "To obtain relief under this rule, a defendant must first show that a clear or obvious error occurred." *People v. Hillier*, 237 Ill. 2d 539, 545 (2010).

> "In the sentencing context, a defendant must then show either that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing. [Citation.] Under both prongs of the plain-error doctrine, the defendant has the burden of persuasion. [Citations.] If the defendant fails to meet his burden, the procedural default will be honored." *Id.*

¶ 15                        A. One-Act, One-Crime

¶ 16       Under the one-act, one-crime rule, "a defendant may not be convicted of multiple offenses that are based upon precisely the same single physical act." *People v. Johnson*, 237 Ill. 2d 81, 97 (2010). "If a defendant is convicted of two offenses based on the same act, the conviction for the less serious offense must be vacated." *People v. Ellis*, 401 Ill. App. 3d 727, 729 (2010). We review the application of the one-act, one-crime rule *de novo*. *Johnson*, 237 Ill. 2d at 97.

¶ 17       After reviewing the record, we accept the State's concession and find that defendant's three aggravated DUI convictions derive from defendant's single act of driving, and therefore violate the one-act, one-crime rule. This plain error is subject to reversal under the second prong of the

4

plain-error doctrine. See *People v. Harvey*, 211 Ill. 2d 368, 389 (2004) ("an alleged one-act, one-crime violation and the potential for a surplus conviction and sentence affects the integrity of the judicial process, thus satisfying the second prong of the plain error rule."). As each of defendant's three aggravated DUI convictions are Class X felonies (625 ILCS 5/11-501(d)(2)(E) (West 2014)), we remand the cause to the circuit court with directions for the court to determine which two offenses are less serious and subject to vacatur. See *People v. Artis*, 232 Ill. 2d 156, 177 (2009).

¶ 18                                    B. Factor in Aggravation

¶ 19            We find that even if the court erred when it considered defendant's harm to himself in aggravation, defendant has not met his burden to establish the prejudice necessary for reversal under either prong of the plain-error doctrine. See *Hillier*, 237 Ill. 2d at 545-46 ("when a defendant fails to present an argument on how either of the two prongs of the plain-error doctrine is satisfied, he forfeits plain-error review."). Defendant does not argue that the court's improper consideration of harm is reversible because the evidence at sentencing was closely balanced, or the error was so egregious that it interfered with the integrity of the sentencing hearing. See *id.* at 545. Therefore, we must honor his procedural default.

¶ 20                                    III. CONCLUSION

¶ 21            For the foregoing reasons, we affirm in part the judgment of the circuit court of Peoria County and remand with directions.

¶ 22            Affirmed in part; cause remanded with directions.