**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210064-U

Order filed April 10, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0064 Circuit No. 19-CF-1951 |
| WILLIAM D. LEE, | ) ) ) | Honorable Daniel Rippy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Hettel and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:   (1) The State proved the defendant guilty of armed habitual criminal beyond a reasonable doubt; (2) defendant's convictions for armed habitual criminal, unlawful use of a weapon by a felon, and aggravated assault violate the one-act, one-crime doctrine; and (3) the court did not conduct an inquiry into the defendant's *pro se* posttrial claims of ineffective assistance of counsel.

¶ 2      The defendant, William D. Lee, appeals from his armed habitual criminal (AHC),

unlawful use of a weapon by a felon (UUWF), and aggravated assault convictions. The

defendant contends that (1) the State failed to prove him guilty beyond a reasonable doubt of

AHC, (2) his convictions violate the one-act, one-crime doctrine, and (3) the Will County circuit court failed to conduct an inquiry into the defendant's posttrial claims of ineffective assistance of counsel.

¶ 3                                    I. BACKGROUND

¶ 4        The State charged the defendant by indictment with one count of AHC, a Class X felony (count I) (720 ILCS 5/24-1.7(a)(1), (b) (West 2018)); two counts of UUWF, Class 2 felonies (counts II and III) (*id.* § 24-1.1(a), (e)); two counts of aggravated unlawful use of a weapon (AUUW), Class 4 felonies (counts IV and V) (*id.* § 24-1.6(a)(1), (3)(C), (d)(1)); and two counts of aggravated assault, Class A misdemeanors (counts VIII and IX) (*id.* § 12-2(c)(1), (d)). The court appointed the public defender. The matter proceeded to a bench trial.

¶ 5        Maurice Lain testified that on October 13, 2019, he was driving his vehicle with two passengers. Lain approached an intersection with his windows down and stopped at a red light. Lain observed a black sedan stop next to him with the defendant in the front passenger seat holding a firearm. The defendant pointed the firearm toward Lain. Lain was a minor at the time.

¶ 6        Joliet police officer Kyle Killian testified that earlier in the evening on October 13, a witness reported seeing the defendant in possession of a firearm while in a black sedan. Later, Killian responded to a report of gunfire. When he arrived at the reported location, he observed the defendant standing by the passenger door of a black sedan. Following a search of the vehicle, officers located a firearm.

¶ 7        The State entered the defendant's certified convictions for residential burglary in case No. 17-CF-1702, and armed robbery, aggravated robbery, and robbery, in case No. 17-CF-1707. The certifications showed that on January 26, 2018, the court entered a judgment on both cases

2

and imposed a sentence of four years' imprisonment on each case to run concurrently. The court found the defendant guilty on all counts.

¶ 8    On October 27, 2020, while still represented by counsel, the defendant filed a *pro se* motion for a new trial. Relevant to this appeal, the defendant argued that the State failed to prove him guilty beyond a reasonable doubt of all counts and "the State failed to prove every material allegation of the indictment *** beyond a reasonable doubt." The defendant also alleged "In Effective [*sic*] Assistance Of Counsel for failure to severance offenses and I was prejudice under the *Strickland* test."

¶ 9    On October 29, 2020, defense counsel filed a motion for a new trial alleging, *inter alia*, that the State failed to prove the defendant guilty beyond a reasonable doubt of "each and every material element of the offense[s]."

¶ 10    On February 10, 2021, prior to sentencing, the court addressed counsel's motion for a new trial. Following arguments, the court granted the defendant's motion regarding counts IV and V, entering an acquittal, and denied the motion regarding the remaining counts. Neither the court nor the parties addressed the defendant's *pro se* motion for a new trial.

¶ 11    The court sentenced the defendant to seven years' imprisonment and stated "[t]hat will cover all matters. All other counts will merge into Count I." The defendant's judgment order listed counts I, II, and III, and shows that the sentences for each would run concurrently. The defendant's financial sentencing order listed counts I, II, III, VIII, and IX and assessed fines for each offense. The defendant appealed.

¶ 12    The defendant filed a motion to supplement the record on appeal with the complaints from Will County circuit court case Nos. 17-CF-1702 and 17-CF-1707. This court allowed the motion. The complaint in case No. 17-CF-1702 alleged that the defendant committed residential

3

burglary at 302 North Prairie Ave, Joliet, Illinois, against Matthew Crowder on August 21, 2017. The complaint in case No. 17-CF-1707 alleged that the defendant committed armed robbery against M.V. on August 20, 2017. Both cases named the same codefendants.

¶ 13                                   II. ANALYSIS

¶ 14                          A. Sufficiency of the Evidence

¶ 15         The defendant first argues that the State failed to prove him guilty beyond a reasonable doubt of AHC. When a defendant makes a challenge to the sufficiency of the evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. Collins*, 106 Ill. 2d 237, 261 (1985) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry the defendant." *Id.* "[T]he reviewing court must allow all reasonable inferences from the record in favor of the prosecution." *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004). "A conviction will be reversed only where the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt." *People v. Belknap*, 2014 IL 117094, ¶ 67.

¶ 16         To prove the defendant guilty of AHC, the State needed to show that (1) the defendant possessed a firearm (2) "after having been convicted a total of 2 or more times" of forcible felonies. 720 ILCS 5/24-1.7(a)(1) (West 2018). Section 2-8 of the Criminal Code of 2012 defines "forcible felony" to include residential burglary, robbery, and any other felony which involves the use or threat of physical force or violence against any individual. *Id.* § 2-8.

¶ 17         The defendant argues that the State failed to prove the second element of AHC—that he had two separate forcible felony convictions. Specifically, the defendant contends that (1) the

4

two convictions introduced into evidence by the State were entered on the same day, (2) the underlying offenses occurred within 48 hours of each other, and (3) the offenses were committed with the same codefendants. The defendant reasons that these facts establish that the offenses occurred at the same "time" as a "singular occurrence" and, thus, do not establish the "total" of two predicate offenses required by the statute.

¶ 18     We find that the plain language of the statute unambiguously requires the State to prove two separate convictions for purposes of the AHC statute. Here, as proof of the two convictions, the State presented certified copies of two separate case numbers showing that defendant had convictions for residential burglary and armed robbery. These convictions established the two prior offenses requirement of the AHC statute. Moreover, use of these convictions is consistent with the statute's legislative intent where defendant committed two prior offenses and was given an opportunity to reform following these convictions prior to the present offenses. See *People v. Adams*, 404 Ill. App. 3d 405, 411 (2010). Therefore, viewed in the light most favorable to the State, the evidence proved that the defendant had been "convicted a total of 2 or more times."

¶ 19     Additionally, the information provided in the supplemental record shows that the offenses differed in nature and were perpetrated on different days, on different victims, and the location of the armed robbery is unknown. These additional facts further support our finding that the offenses were separate, and thus, satisfy the prior convictions requirement for AHC.

¶ 20                                    B. One-Act, One-Crime

¶ 21     The defendant argues that his convictions violate the one-act, one-crime doctrine. Specifically, the defendant contends that counts I, II, and III stem from the same physical act and thus should merge into the most serious offense, count I. Further, that counts VIII and IX stem from the same physical act and should merge. Although defendant forfeited review of this error,

5

the State concedes that it is a reversible plain error. See *People v. Brown*, 2018 IL App (3d) 150070-B, ¶ 12.

¶ 22    Under the one-act, one-crime rule, "a defendant may not be convicted of multiple offenses that are based upon precisely the same single physical act." *People v. Johnson*, 237 Ill. 2d 81, 97 (2010). "If a defendant is convicted of two offenses based on the same act, the conviction for the less serious offense must be vacated." *People v. Ellis*, 401 Ill. App. 3d 727, 729 (2010). We review the application of the one-act, one-crime rule *de novo*. *People v. Coats*, 2018 IL 121926, ¶ 12.

¶ 23    We accept the State's concession that counts I, II, and III should merge into count I and counts VIII and IX merge. Counts I, II, and III each stem from the defendant's single physical act of possessing a firearm. Counts VIII and IX stem from the defendant's single physical act of pointing a firearm at M.L. As these one-act, one-crime errors "affect[ ] the integrity of the judicial process," they require vacatur. *People v. Artis*, 232 Ill. 2d 156, 168 (2009). Accordingly, we remand the matter to the circuit court with directions to vacate counts II, III, and VIII and modify the judgment orders accordingly.

¶ 24                                C. *Krankel* Inquiry

¶ 25    Finally, the defendant argues the court failed to conduct a *Krankel* inquiry into his *pro se* posttrial claims of ineffective assistance of counsel. *People v. Krankel*, 102 Ill. 2d 181 (1984).

¶ 26    When a defendant raises a *pro se* posttrial claim of ineffective assistance of counsel, the court should examine the factual basis of the defendant's claim, ascertain if the claim lacks merit or pertains only to matters of trial strategy, and then determine if new counsel needs to be appointed. *People v. Moore*, 207 Ill. 2d 68, 77-78 (2003). Ultimately, the court must conduct "some type of inquiry" into a defendant's claims. *Id.* at 79.

6

¶ 27       After reviewing the record, we find that the court conducted no inquiry into the defendant's posttrial claims of ineffective assistance of counsel. Thus, the matter must be remanded for the court to conduct a preliminary *Krankel* inquiry.

¶ 28                                    III. CONCLUSION

¶ 29       The judgment of the circuit court of Will County is affirmed in part and remanded in part with directions.

¶ 30       Affirmed in part and remanded in part with directions.